# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILE DIVISION

| | | |
|---|---|---|
| Mark T. Lott, | ) | Civil Action No. 6:19-cv-1087-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Timothy Budz, Jared Anderson, and Chris Kunkle, | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 41) recommending the Court deny Plaintiff's motion for temporary restraining order (Dkt. No. 34.) For the reasons set forth below, the Court adopts the R & R as the order of the Court to deny Plaintiff's motion for temporary restraining order.

## I. **Background**

Plaintiff, Mark T. Lott, proceeding *pro se*, filed an action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. Nos. 1, 21.) The matter before the Court is Plaintiff's motion for temporary restraining order, filed on October 9, 2019. (Dkt. No. 34.) Plaintiff is currently in the custody of the Sexually Violent Predator Treatment Program ("SVPTP") of the South Carolina Department of Mental Health. In his amended complaint, Plaintiff claims that Defendants violated his constitutional rights because he was assaulted by another SVPTP resident, Resident K, and "no action was taken to protect the plaintiff after the 1st assault." (Dkt. No. 21.) Plaintiff asserts that, on October 4, 2019, he was placed in the Secure Management Unit ("SMU"), where Resident K was also housed. (Dkt. No. 34.) He alleges that the

1

placement puts him at risk and subjects him to emotional and mental abuse based on Resident K's previous assaults against him. (*Id.*)

Plaintiff seeks a temporary restraining order against Resident K and to "be moved off the unit with [Resident K]." (*Id.*) Defendants filed a response in opposition to Plaintiff's motion on October 22, 2019. (Dkt. No. 37.) The Magistrate Judge issued an R & R denying Plaintiff's motion for temporary restraining order on October 28, 2019. (Dkt. No. 41.) Plaintiff filed objections to the R & R on November 8, 2019 (Dkt. No. 48.)

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff filed objections in this case and the R & R is reviewed *de novo*.

### B. Temporary Restraining Order

The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. *Dyke v. Staphen*, No. CV 6:18-402-TMC-KFM, 2018 WL 2144551, at *1 (D.S.C. Apr. 19, 2018). A preliminary injunction or a temporary restraining order is warranted when the movant demonstrates four factors: (1) the movant's likelihood of success on the merits, (2) whether the movant will face irreparable harm in the absence of preliminary relief, (3) whether the balance of equities favors preliminary relief, and (4) whether injunctive relief is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

### III. Discussion

Upon a review of the R & R, the parties' arguments, and the Plaintiff's objections, the Court finds the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiff's motion should be denied. The Magistrate Judge construed Plaintiff's motion as a preliminary injunction as Defendants received notice and responded to the motion. (Dkt. No. 41 at 1–2.) *See, e.g., Mickell v. Reynolds*, No. CV 6:15-04656-RBH-KFM, 2016 WL 3049358, at *2 n.3 (D.S.C. May 31, 2016) (citation omitted) ("Because Defendants have received notice and an opportunity to respond, the Court treats Plaintiff's motion as one for a preliminary injunction.").

The Court applied the *Winter* factors to the case at hand and finds that Plaintiff fails to establish the elements necessary for the Court to grant a preliminary injunction. With regard to the first factor, Plaintiff does not demonstrate a likelihood of success on the merits. Defendant Budz, the Facility Administrator for Correct Care of South Carolina, LLC d/b/a/ Wellpath at SVPTP, filed an affidavit. (Dkt. No. 37-1.) In his affidavit, Defendant Budz avers that Resident K remains in the SMU and is on Protective Custody, or "lockdown" where residents are behind locked doors and have no contact with other residents outside the presence of Wellpath staff. (Dkt. No. 37-1 at 2.) According to Defendant Budz, Resident K is not allowed to leave his room unless accompanied

by Wellpath staff and Resident K's movements are controlled by Wellpath staff and separate from Plaintiff's. (*Id.* at 3.) Defendant Budz avers that while Plaintiff is also in the SMU he remains separated from Resident K due to Resident K's Protective Custody status. (*Id.* at 3.) In light of the averments set forth by Defendant Budz, Plaintiff fails to establish a likelihood of success on the merits.

With regard to the second factor, Plaintiff fails to demonstrate he will suffer irreparable harm if the motion is not granted. Plaintiff's motion is based on mere speculation that "anything could happen again" and "defendants do not know what may happen should [he] not be allowed relief." (Dkt. No. 34.) As the Magistrate Judge noted, "the clear showing of irreparable harm proffered by the movant cannot be either remote or speculative; it must be both actual and immediate." *Al-Abood v. El-Shamari*, 71 F. Supp. 2d 511, 514 (E.D. Va. 1999). This Court agrees with the determination of the Magistrate Judge.

With regard to elements three and four, the Court agrees with the R & R of the Magistrate Judge that Plaintiff has failed to demonstrate the balance of equities tip in his favor or that a temporary restraining order or preliminary injunction is within the public interest. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). The issuing of a preliminary injunction or temporary restraining order in this instance would change the status quo before the parties have an opportunity to litigate this case. Plaintiff's allegations do not demonstrate that exigent circumstances exist that require the Court to issue a temporary restraining order.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 41) as the order of the Court and **DENIES** Plaintiff's motion for temporary restraining order. (Dkt. No. 34.)

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December
~~November~~ 2, 2019
Charleston, South Carolina

5